# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00415-CR

**Louis George III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57332, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Louis George III appeals his conviction for possession of four grams or more but less than 200 grams of cocaine, a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2006), § .115(a), (d) (West 2003). He pled guilty without a plea bargain. The district court accepted his plea and assessed punishment at twelve years' confinement along with a $1,500 fine.

Appellant argues that the district court erred in "not granting" his motion for new trial. He also asserts that his trial counsel provided ineffective assistance by assuring him that he would receive a probated sentence when no application for probation was filed and that this mistaken assurance of probation rendered his guilty plea involuntary. Appellant further asserts that his counsel provided ineffective assistance by laboring under a conflict of interest as the surety on appellant's bail bond. We will affirm the judgment.

## BACKGROUND

The parties do not dispute the facts of this case. Appellant was a passenger in a vehicle that he owned, driven by Ruben C. Ramirez, which was stopped by a police officer for failing to yield right of way. The officer searched the vehicle during the traffic stop, found a plastic baggie containing cocaine in a pocket behind the passenger seat, and arrested appellant. Appellant made bail through his counsel, who was the surety on appellant's $75,000 bond. Appellant was subsequently indicted by a grand jury for the second-degree felony of knowingly and intentionally possessing a controlled substance in an amount of four grams or more but less than 200 grams. *See id.* §§ 481.102(3)(D), .115(a), (d). Arraignment was waived and the case proceeded to a pretrial hearing.

At the pretrial hearing, as reflected in the record, the district court ascertained appellant's satisfaction with his retained counsel, advised him of the cocaine-possession charge against him, and admonished him that the offense was punishable by a fine of up to $10,000 and two to twenty years' confinement in the penitentiary. Appellant pled guilty, executed a judicial confession, and waived his right to a jury trial. The court proceeded to ask appellant a series of questions concerning the reasons for his plea and his understanding of the available punishment range. When the court asked appellant whether his plea was made freely and voluntarily, appellant stated that it was. When the court asked whether anybody had made any promises to him or forced or threatened him into pleading guilty, appellant denied such inducements. The court then inquired whether appellant understood that there was not any plea bargain with the State, which meant that he could be placed on probation or sentenced to time in the penitentiary. Appellant confirmed that

he understood.  At the conclusion of the hearing, the court found that there was sufficient evidence to find appellant guilty, ordered preparation of a presentencing report, and withheld a finding of guilt until the sentencing hearing.

At the sentencing hearing the following month, appellant's counsel argued that appellant should receive deferred-adjudication probation, noting that appellant had accepted responsibility for his actions, was "back home" with his wife, had been employed for six months, was 26 years old, and had only one prior offense for the misdemeanor of driving with a suspended license.  The State responded that appellant possessed almost seven ounces of cocaine—an offense that was too serious for probation—and recommended fifteen years' confinement.  The court assessed punishment at twelve years' confinement in the Texas Department of Criminal Justice, Institutional Division; ordered payment of a $1,500 fine, a $140 lab fee (jointly and severally with any codefendant), and court costs; and directed appellant to receive treatment in the inpatient therapeutic community program in the Texas Department of Corrections.

Appellant filed a motion for new trial, which was overruled by operation of law.  *See* Tex. R. App. P. 21.8(a), (c).  This appeal followed.

## DISCUSSION

**Motion for new trial**

We begin by addressing appellant's fourth point of error because it affects the evidence that may be considered in this appeal.  In his fourth point, appellant argues that the district court erred in "not granting" his motion for new trial.  His motion was overruled by operation of law because it was not determined by written order within 75 days after his sentence was imposed.  *See*

3

Tex. R. App. P. 21.8(a), (c). Appellant acknowledges that his motion for new trial was never heard and was overruled by operation of law, but he suggests that the State was served with a copy of his motion and the trial court "could have been urged" to consider it. Appellant does not cite any authority for his expectation that the motion for new trial would be pursued by the State. Further, that expectation conflicts with the rules of appellate procedure, which state that presenting the motion to the court is appellant's responsibility.

Rule 21 requires a defendant to "present" his motion for new trial to the trial court within 10 days of its filing unless the court grants a discretionary extension. Tex. R. App. P. 21.6. A defendant presents his motion by giving the trial court actual notice that he has timely filed a motion for new trial and requesting a hearing on it. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (citing *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). As the court explained in *Carranza*,

> In order to "present" a motion for new trial, the *movant must give the trial court actual notice* that it has timely filed a motion for new trial and request a hearing on the motion within ten days of filing it. The presentment must be directed to the trial court or another authorized to act on behalf of the trial court. *The presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket.* This list is not meant to be exhaustive, but merely suggestive as to how one may fulfill the communication requirement for presenting a motion for new trial.

960 S.W.2d at 79-80 (quoting concurring opinion by Justice Overstreet)).

The record does not show that the trial court actually knew appellant had filed a motion for new trial and wanted a hearing on it. *See id.* The docket sheet lacks any notation demonstrating presentment, nor is there any evidence that appellant requested a hearing or that the

4

court set appellant's motion for new trial for a hearing. *See id.* Instead, the record confirms that appellant failed to pursue a hearing on his motion and knew it was at risk of being overruled. In a letter to the prosecutor, appellant's counsel stated that he filed a motion for new trial for appellant but "[b]ecause he was moved to TDC, we did not schedule a hearing. The co-defendant's case was set for June 2, 2005, and we thought we would wait." The letter also states, "Our time for a ruling is almost over; once past next week, it would be overruled by operation of law. Perhaps someone can call me from your office and tell us what if anything we can do."

Based on this record, we conclude that the district court did not err in "not granting" appellant's motion for new trial because it was never presented to the court. We overrule appellant's fourth point of error.

**Assurance of probation and involuntary plea**

In his first point, appellant asserts that his trial counsel provided ineffective assistance by assuring him a probated sentence when no application for probation was filed. Appellant's third point makes the corollary argument that counsel's mistaken assurance of a probated sentence rendered his guilty plea involuntary.

We apply the *Strickland* test when reviewing claims of ineffective assistance of counsel under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To prevail on such a claim, appellant must show by a preponderance of evidence that: (1) his counsel's representation was deficient, falling below the standard of prevailing professional norms; and (2) there is a reasonable probability

5

that the result of the proceeding would have been different but for his counsel's deficient performance. *Strickland*, 466 U.S. at 687-88, 694; *Salinas*, 163 S.W.3d at 740.

In the context of a claim that the defendant's plea is involuntary due to ineffective assistance of counsel, the defendant must show that: (1) counsel's advice was outside the range of competency demanded of attorneys in criminal cases; and (2) but for counsel's erroneous advice, the defendant would not have pleaded guilty and would instead have gone to trial. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Salinas*, 163 S.W.3d at 740.

Appellant asserts that his trial counsel provided ineffective assistance by assuring him that he would receive a probated sentence if he pled guilty, although no application for probation was filed. A defendant's election to plead guilty, when based upon erroneous advice of counsel, is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991) (vacating judgment based on guilty plea because counsel informed appellant that probation was possible, despite fact that appellant was statutorily ineligible for probation). But a defendant's bare assertion that his counsel misinformed him of the consequences of his guilty plea is insufficient proof that his plea was involuntary; such an allegation must be supported with independent corroborating evidence. *See Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding independent corroborating evidence, other than testimony of defendant's

6

son, was necessary to support defendant's claim that trial counsel misinformed him that he would not go to jail if he pled guilty); *see also Rivera v. State*, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.). We examine the record as a whole when considering the voluntariness of a guilty plea. *Martinez v. State*, 981 S.W. 2d 195, 197 (Tex. Crim. App. 1998).

Here, the only possible evidence in the record corroborating appellant's allegation that his counsel mistakenly assured him a probated sentence if he pled guilty consists of affidavits from appellant's wife and his brother. These affidavits were attached to the motion for new trial that was not presented to the court; thus, they were never offered or admitted into evidence. *See Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984) (holding that affidavits supporting motion for new trial must be offered into evidence). Because the affidavits address counsel's alleged assurance of a probated sentence—a matter that was never brought to the trial court's attention—we may not reverse appellant's conviction based on them. *See Carranza*, 960 S.W.2d at 78-79. Aside from these affidavits, appellant does not cite any evidence in the record proving that his counsel assured him a probated sentence. Thus, there is no support in the record for appellant's claim that his counsel's representation was deficient because of that alleged assurance.

Appellant's complaint about his counsel's failure to file an application for probation is similarly unfounded. An application for community supervision is unnecessary for probation to be considered when, as here, trial is to the bench. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West 2006) (lacking reference to motion for "judge-ordered community supervision"). An application for probation is only required when punishment is assessed by a jury. *See id*. § 4(d)(3), (e) (requiring written and sworn motion for "jury recommended community supervision").

7

Counsel's performance cannot be considered deficient based on his failure to file an unnecessary motion.

In his third point, appellant argues that the mistaken assurance of a probated sentence rendered his guilty plea involuntary. As we have noted, there is no support in this record—exclusive of the affidavits attached to the motion for new trial that was not presented to the trial court—for appellant's argument that his counsel assured him a probated sentence. But even if there were some evidence that his counsel made that assurance, to support an ineffective assistance claim, appellant would still have to show how counsel's assurance prejudiced his defense. *See Strickland*, 466 U.S. at 687. He has not made that demonstration of prejudice. In fact, the court's admonishment to appellant negates the possibility that appellant's defense could have been prejudiced by his counsel's alleged assurance of probation.

When the record shows that the trial court properly admonished a defendant before a guilty plea was entered, there is a prima facie showing that the plea was entered knowingly and voluntarily. *Martinez*, 981 S.W.2d at 197. In such cases, the burden shifts to the defendant to show that he entered his guilty plea without fully understanding its consequences and that he sustained harm. *Id.* The record of the proceedings below shows that appellant received a proper admonishment on punishment before the court accepted his plea of guilt. The record also shows that appellant denied receiving any promises in exchange for his plea and that he understood the court could sentence him to probation or time in the penitentiary due to the lack of a plea bargain with the State. He expressed satisfaction with his retained counsel's representation and did not make any objection on the record after the court assessed a punishment different from the one his counsel

allegedly promised him. Appellant has not shown, on this record, that he entered his guilty plea without fully understanding its consequences or that he sustained harm as a result of misunderstanding the consequences of his plea.

Based on our review of the record as a whole, we conclude that appellant has failed to establish that his plea of guilt was entered involuntarily. He did not provide independent corroborating evidence for his assertion that trial counsel misinformed him of the consequences of his guilty plea. His contention that counsel provided ineffective assistance by failing to file an application for probation is incorrect because no such application was required for his bench trial. Finally, his argument that the mistaken assurance of a probated sentence rendered his guilty plea involuntary lacks independent corroboration and is contradicted by his statements in court. We overrule appellant's first and third points of error.

**Conflict of interest**

In his second point, appellant contends that his trial counsel provided ineffective assistance by laboring under a conflict of interest. Trial counsel for appellant also acted as the surety on appellant's $75,000 bail bond. Appellant argues that his counsel's financial interest in avoiding possible forfeiture of the bond conflicted with appellant's interest in being tried jointly with his codefendant. That conflict of interest, according to appellant, resulted in appellant's trial date being "moved up" before the date of his codefendant's trial.

Counsel owes the client a duty of loyalty, including a duty to avoid conflicts of interest. *Strickland*, 466 U.S. at 688 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980)). Ineffective assistance of counsel may result when an attorney labors under a conflict of interest.

9

*Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel based on a conflict of interest, appellant must show that: (1) counsel was burdened by an actual conflict of interest; and (2) the conflict had an adverse effect on specific instances of counsel's performance. *Id.* (citing *Strickland*, 466 U.S. at 687-94; *Cuyler*, 446 U.S. at 348-50). An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests, perhaps counsel's own, to the detriment of his client's interest. *Id.* Showing a "possibility of a conflict of interest" is insufficient to impugn a criminal conviction. *Cuyler*, 446 U.S. at 350; *Thompson v. State*, 94 S.W.3d 11, 16 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Appellant does not point to any evidence in the record demonstrating that he had an actual conflict of interest with his counsel over the trial date or counsel's acting as surety on the bail bond. Acting as a surety on a client's bond does not create a presumption of a conflict of interest between attorney and client. *Brown v. State*, 974 S.W.2d 289, 292 (Tex. App.—San Antonio 1998, pet. ref'd); *see also* Tex. Occ. Code Ann. § 1704.163 (West Supp. 2006) (authorizing attorneys to execute bail bond or act as surety for client in criminal case for which bond is executed). Appellant cannot base his conflict-of-interest allegation on his counsel's acting as surety on the bail bond when such action is legally permissible.

Further, even if an actual conflict were established, appellant has not demonstrated that he was prejudiced by counsel's acting as his bondsman. *See Monreal*, 947 S.W.2d at 564; *Brown*, 974 S.W.2d at 292. Appellant does not refer to any evidence in the record to support his allegation that because his counsel also acted as appellant's bondsman, counsel must have expedited

10

the trial date to protect his bond. Nothing in the record shows that appellant's trial was ever joined with that of his codefendant or that it was severed and "moved ahead" for trial. The record's sole reference to the codefendant's trial status is the prosecutor's statement to the court that the codefendant was "pending sentencing," which suggests that his trial had already occurred. There has been no demonstration that by acting as appellant's bondsman, trial counsel was required to make a choice between advancing appellant's interest in a fair trial or advancing counsel's own interest in protecting the bail bond. Because appellant has not shown an actual conflict of interest or that his counsel's performance was adversely affected by the alleged conflict of interest, we overrule appellant's second point.

## CONCLUSION

Having overruled all of appellant's points of error, we affirm the district court's judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 16, 2007

Do Not Publish

11